[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13824
Non-Argument Calendar

_____

D. C. Docket No. 02-00397-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS ALBERTO CANTILLANO,
a.k.a. Alexia Cantillano,
a.k.a. Luis Montiel Rodriguez,
a.k.a. Javier Quintanilla,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 5, 2007)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Alexis Cantillano appeals his sentence of 85 months imprisonment after pleading guilty to illegal re-entry into the United States after having been previously deported for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)-(b).  On appeal, Cantillano argues that his sentence is not reasonable pursuant to 18 U.S.C. § 3553(a).  Specifically, Cantillano argues that his criminal history is over-represented due to his history of mental illness, that he is being treated differently from other comparable defendants who enjoy the benefit of an illegal re-entry fast-track program, and that he will not be able to enjoy the benefits of programs provided by the Bureau of Prisons because he is an illegal alien who may be deported.  Cantillano argues that the district court failed to adequately consider these factors, and therefore, the district court's imposition of a sentence of 85 months imprisonment is unreasonable.

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006) (brackets in original) (citation omitted).  "After *Booker*,[1] a sentence may be reviewed for procedural or substantive unreasonableness," and "a sentence may be substantively unreasonable, regardless of the procedure used." *United States v.*

---

[1]*United States. v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

*Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). We have previously stated that "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Although a sentence within the advisory guidelines range is not *per se* reasonable, we have stated that we would ordinarily expect such a sentence to be reasonable. *Id.* at 787-88. Review for reasonableness is deferential, and the relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Id.* at 788. Section 3553(a) provides that district courts must consider, *inter alia*, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence; (6) protection of the public; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6). The burden of establishing that the sentence is unreasonable in light of the record

and the § 3553(a) factors lies with the party challenging the sentence. *Talley*, 431 F.3d at 788.

In the present case, the record reveals that the district court adequately and properly considered the § 3553(a) sentencing factors as well as the advisory guideline range in sentencing Cantillano. We conclude from the record that Cantillano's sentence is reasonable for several reasons. First, when the district court noted Cantillano's history of mental health issues, the court demonstrated its consideration of Cantillano's history and characteristics. *See* 18 U.S.C. 3553(a)(1). Second, when the court noted the extensiveness and nature of Cantillano's criminal history, again, it demonstrated its consideration of Cantillano's history and characteristics. *See id*. Third, the district court stated twice that it was concerned about the threat that Cantillano posed to the public, showing its consideration of the need "to protect the public from further crimes of the defendant." § 3553(a)(2)(C). When the district court stated that "there are significant issues about [Cantillano's] ability to comply with the law," the court demonstrated its consideration of several § 3553(a) factors, including the "history and characteristics of the defendant," "the need for the sentence imposed . . . to promote respect for the law," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C.

§ 3553(a)(1), (2)(A)-(C). The court did not need to state on the record its explicit consideration of every § 3553(a) factor, nor did it need to address every argument for a departure. *See Scott*, 426 F.3d at 1329. Additionally, it was within the discretion of the district court to determine the appropriate weight to be given to each of the § 3553(a) factors. *See United States v. Williams*, 456 F.3d 1353, 1363 (11th. Cir. 2006) (holding that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court"), *pet. for cert. filed*, (No. 06-7352) (Oct. 19, 2006).

Furthermore, the government correctly notes that we have previously held that "it [is] impermissible for the district court to consider disparities associated with early disposition programs in imposing [a] sentence, because such disparities are not 'unwarranted sentencing disparities' for purposes of § 3553(a)(6)." *United States v. Arevalo-Juarez*, 464 F.3d 1246, 1251 (11th Cir. 2006). Thus, Cantillano's argument that his sentence is unreasonable because of the disparity resulting from the unavailability of a fast-track program is without merit.

Additionally, the statutory maximum sentence in this case was 20 years imprisonment, and the district court was bound only by the ceiling imposed by statute. *See* 18 U.S.C. § 924(e); *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir.), *cert. denied*, 126 S. Ct. 432 (2005) (recognizing that the statutory

5

maximum sentence, not the guideline sentence, is the maximum sentence permitted by law). Accordingly, Cantillano's sentence of 85 months imprisonment was significantly less than the maximum sentence allowable by law, and it cannot be said that his sentence was unreasonable. Because the district court sentenced Cantillano within the applicable guideline range after consideration of the § 3553(a) factors, the sentence was well below the statutory maximum, and the record demonstrates adequate reasons for the sentence, the sentence is not outside the range of reasonableness. Thus, we conclude that the district court did not err in sentencing Cantillano to 85 months imprisonment, and we affirm his  sentence.

**AFFIRMED.**